ABRAHAM LEVIN, PLAINTIFF, v. SAMUEL WENOF ET AL., DEFENDANTS.

Argued January 16, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiff, *Frank C. Propert* (*Lewis Starr*, of counsel).

For the defendants, *D. Trueman Stackhouse.*

PER CURIAM.

This is a proceeding taken by defendants to vacate a judgment entered on two bonds.

Plaintiff held two mortgages made by defendants (husband and wife), one for $13,800 and one for $2,200. These mortgages were foreclosed and the property sold and a deficiency resulted. Plaintiff later appeared before a Supreme Court commissioner and filed with him proceedings for entry of judgment on the two bonds and warrants, and judgment was entered for the deficiency.

Defendants contend that this judgment must be vacated. They say the Bond and Warrant act (*Comp. Stat., p.* 219) permits a judgment by confession only "where the bond or other obligation is given for the payment of money only."

But even so, we think the bonds in this case are not such as are so precluded from judgment by confession. See *Harwood* v. *Hildreth,* 24 *N. J. L.* 51, and *Earl* v. *Jenkins,* 71 *Id.* 416.

They say that judgment by confession cannot be entered on two bonds in one proceeding. We think they are wrong about this. The actions were consolidated in Chancery, and there was one decree only. We think this point is disposed of by *Mutual Securities Corp.* v. *Harris,* 100 *N. J. Eq.* 365.

They say that the proof before the commissioner should have shown the filing of the notice of intention to enter judgment for the deficiency. We think the answer to that is that the act does not require that plaintiff must set out in his affidavit that notice has been filed. It is sufficient if in fact the notice was filed, and that appears.

They say that the judgment is irregular because no appearance was entered by an attorney. We think the answer to that is that it is ill-founded in point of fact, and certainly there was in legal effect an appearance by an attorney.

They say that the statute in relation to the entry of judgment on bonds and warrants is unconstitutional in that it permits a judgment to be entered without any personal appearance by attorney on behalf of the defendant under warrant to confess. We do not think the act is unconstitutional in that regard. Thousands of judgments have been entered, as this one has been entered, under this same act of long standing, and no suggestion was ever made heretofore, so far as we are aware, that the act was unconstitutional in that regard.

They say further that the judgment is illegal because the plaintiff received (or will or may receive) some rents from the receiver under the foreclosure proceedings after judgment was entered. We think the answer to this is that the sale took place on March 2d, 1928; that the action on the bonds was started on March 17th, 1928, and judgment was entered on March 19th, 1928. It further appears that the report of the receiver (upon which defendants rely on this point) was not filed until September 17th, 1928. It would

seem to follow that anything appearing in that report could not invalidate the judgment nor justify us in vacating it, since the entry of the judgment is shown to have followed the statutory requirements. Whether if circumstances in the future seem to call for it, the court could and would control the execution as to this rent, is a matter with which we think we are not now concerned, and which need not be now determined.

The petition to vacate the judgment is denied, with costs.